10-4345-ag
Zeng v. Holder

BIA
A095 369 354

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand twelve,

PRESENT:
>       DENNIS JACOBS,
>            *Chief Judge,*
>       RAYMOND J. LOHIER, JR.,
>       SUSAN L. CARNEY,
>            *Circuit Judges.*

_____

WEN LAN ZENG,
>       *Petitioner,*

>       v.                                           10-4345-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:         Lee Ratner, Law Offices of Michael Brown, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Mark C. Walters, Senior Litigation Counsel; Daniel I.

**Smulow, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wen Lan Zeng, a native and citizen of the People's Republic of China, seeks review of an October 5, 2010, decision of the BIA denying her motion to reopen. *In re Wen Lan Zeng*, No. A095 369 354 (B.I.A. Oct. 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Zeng's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). As a general rule, an alien must file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Zeng's motion was indisputably untimely because it was filed more than five years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed

2

country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii).

However, Zeng's activities in the United States did not constitute changed conditions in China excusing the untimely filing of her motion to reopen.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). Moreover, the BIA did not abuse its discretion in finding that Zeng failed to provide credible, material evidence of changed circumstances in China based on local Chinese government officials' discovery of her activities in the United States.  In making its finding and declining to credit the only evidence of such circumstances, the BIA reasonably relied on the IJ's underlying adverse credibility determination.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)).  Accordingly, because the BIA did

3

not err in finding that Zeng failed to demonstrate changed country conditions in China, it did not abuse its discretion in denying her motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk